IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE, JR., individually and for all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARIROSA LAMAS, *et al.*,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 19-241 |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 8, 2021

　　　　Plaintiff Robert Lee, Jr. has filed a proposed collective action on behalf of Corrections Officer Trainees and Corrections Officer 1s (collectively "COs"), alleging that Defendants Marirosa Lamas, Michael Wenerowicz, and Ty Stanton have violated the overtime provisions of the federal Fair Labor Standard Act[1] ("FLSA") and the Pennsylvania Minimum Wage Act[2] ("PMWA"), by requiring the COs to perform approximately 45 minutes of unpaid post-shift work each day.[3]

　　　　Plaintiff now seeks conditional certification of this case as a collective action under the FLSA, while Defendants move for summary judgment. For the reasons stated below, the Court will defer both motions and order a 60-day limited merits discovery period to address the question of immunity under the Eleventh Amendment.

---

[1] 29 U.S.C. § 207(a).

[2] 43 Pa. Stat. § 333.104.

[3] Plaintiff estimates that the FLSA Collective would include 320 people. [Doc. No. 28-2] at 6.

I. **BACKGROUND**

A. **Plaintiff's Allegations**[4]

Lee worked for about a year as a Corrections Officer Trainee at the State Correctional Institution Chester. Lee alleges that SCI Chester has a policy requiring COs to stay past the end of their work shifts to complete approximately 45 minutes of non-compensated work-related responsibilities.

Lee attributes this policy to Superintendent of SCI-Chester Lamas and Pennsylvania Department of Corrections' ("DOC") Eastern Region Deputy Secretary, Wenerowicz because they are responsible for implementing DOC policies at SCI-Chester, and to DOC's Bureau of Human Resources Director Stanton because he is responsible for enforcing DOC's Human Resources policies at the prison. Lee further alleges that all three Defendants have significant control over the terms and conditions of the employment of COs and are responsible for devising, directing, implementing, and supervising the wage and hour practices and policies related to this action. Lee claims that despite the DOC's FLSA-compliant and PMWA-compliant policies, the Defendants maintained internal systems and procedures at SCI-Chester which left the COs unpaid for their post-shift duties.

---

[4] Unless otherwise stated, the factual background is drawn from the Amended Complaint.

### B. Procedural History

Lee initially brought this action against the DOC,[5] which moved to dismiss on the basis of sovereign immunity.[6] Lee then filed an Amended Complaint removing the DOC and naming as Defendants Lamas, Wenerowicz, and Stanton, in their individual capacities.[7]

Defendants moved to dismiss Lee's Amended Complaint, asserting sovereign immunity and arguing that the Court lacked jurisdiction to hear the claims under the Eleventh Amendment.[8] The Court denied Defendants' motion, determining that Defendants' claims of immunity—under the Eleventh Amendment, qualified immunity, and sovereign immunity—could not be ascertained without a developed factual record.[9]

Following this, the Court held a Rule 16 Conference. As is typical in FLSA cases, the parties proposed a bifurcated discovery schedule, and the Court issued a scheduling order approving the parties' proposal.[10] The first stage of the parties' discovery plan was limited to the issue of conditional certification of a collective action such as the number of collective group members, their job descriptions and procedures, wage and hour policies, and training provided and any complaints made about overtime work and wages. The second stage of discovery, which was to occur after the Court ruled on conditional certification, would include Parties' depositions, full discovery on the merits and damages, and any expert testimony if needed.

---

[5] Doc. No. 1.

[6] Doc. No. 2.

[7] Doc. No. 8.

[8] Doc. No. 12.

[9] *See* Doc. No. 16.

[10] Doc. No. 21.

At the conclusion of the initial discovery period, Lee moved for conditional certification of a collective action under the FLSA and Defendants moved for summary judgment. Although not procedurally improper, Defendants' motion for summary judgment interrupted the parities' agreed upon discovery schedule that limited the first stage of discovery to issues only related to conditional certification. Lee responded to Defendants' motion with a declaration under Federal Rule of Civil Procedure 56(d) and requested that the Court defer consideration of Defendants' motion until after the second stage of discovery has been completed.[11]

## II.   DISCUSSION

Defendants argue in their motion for summary judgment that Lee's claims are barred under the Eleventh Amendment, qualified immunity, and sovereign immunity, and that under the FLSA, these particular Defendants were not Lee's employer.[12] These arguments mirror those raised in the motion to dismiss and which were denied because of the insufficient factual record. Defendants support their motion with declarations, interrogatory responses, and the collective bargaining agreement governing the COs' employment. These exhibits were not produced during the limited conditional certification discovery period and Lee argues in his Rule 56(d) declaration that he has not been given an opportunity to subject this evidence to scrutiny. Lee specifically notes that he has not been given an opportunity to depose the named Defendants and challenge assertions made in their declarations.[13]

Of Defendants' arguments, most important here is the argument that the case should be dismissed under the Eleventh Amendment. As stated, Defendants had raised immunity under the

---

[11] Doc. No. 29 at 7–15.

[12] Doc. No. 28.

[13] Doc. No. 31-2.

Eleventh Amendment in their motion to dismiss, and the Court found that the Eleventh Amendment issue could not be resolved prior to the development of a factual record. Defendants now contend that Lee's interrogatory responses are sufficient to determine whether the Eleventh Amendment applies because they show that his claims are against them in their official, not individual, capacity.

Defendants correctly note that the issue of immunity under the Eleventh Amendment goes to the jurisdiction of the Court, and therefore it must be resolved before the Court reaches any determination on the merits. Immunity also interferes with the Court's ability to rule on Lee's motion for conditional certification because deciding that issue requires the Court to determine whether the real party in interest in this lawsuit is the DOC (as Plaintiff originally alleged) or Defendants.[14]

Thus far, discovery has been governed by the bifurcated schedule. Phase one of bifurcated discovery did not permit either party to conduct merits discovery and did not provide Lee with an opportunity for discovery related to the Eleventh Amendment issue or to challenge the statements and evidence upon which Defendants rely.[15] Indeed, despite Defendants' contentions, the factual record remains incomplete as to allow the Court to properly consider whether any or all of the named defendants are cloaked in sovereign immunity under the

---

[14] Lee concedes that the DOC's compensation system complies with the FLSA but argues that the individual Defendants acted to deny him, and the proposed Collective proper overtime pay. In his motion for conditional certification, Lee presents significant evidence displaying how he is similar situated to the proposed collective members and how his damages are not individualized.

[15] It would be wholly inequitable to permit the Defendants to rely upon evidence inaccessible to Lee during the conditional class certification discovery period. *See Graber v. Dales*, No. 18-3168, 2021 WL 51441, at *4 (E.D. Pa. Jan. 5, 2021). The Court will not deny Lee the ability to request additional relevant documents or test the Defendants' declarations through deposition in order to show that jurisdiction exists. *Id.* (holding that arrestee was entitled to conduct discovery before agent's motion for summary judgment on qualified immunity grounds could be resolved).

Eleventh Amendment. For this reason, the Court finds that Lee has met his Rule 56(d) requirement that summary judgment is premature.[16]

In consideration of the serious questions of immunity raised by Defendants, and concerns over possible effects of premature conditional certification, the Court shall impose a 60-day limited merits discovery period for the sole purpose of developing the current record on the question of jurisdiction.[17] Furthermore, the Court remains cognizant of the protections that claims of an entitlement to immunity offer against generous and wide-ranging discovery. Thus, Defendants' motion for summary judgment and Lee's motion for conditional certification—which all implicate the merits of Lee's claims rather than jurisdictional issues—are deferred.[18] The parties will have the opportunity to supplement their current motions at the close of the discovery period.

### III.  CONCLUSION

For the reasons set out above, Plaintiff's motion for conditional certification and Defendants' motion for summary judgment will be deferred pending a 60-day limited merits discovery period. An order will be entered.

---

[16] *In re Avandia Mktg., Sales & Prod. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (internal quotation marks and citation omitted), *cert. denied sub nom. GlaxoSmithKline LLC v. United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund*, 141 S. Ct. 265 (2020) ("A district court abuses its discretion when it grants summary judgment in favor of the moving party without even considering a Rule 56(d) declaration filed by the nonmoving party."); *see also Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law.").

[17] The limited discovery period will not include issues related to damages.

[18] *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (explaining that "[c]onditional certification, therefore, is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process").